IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is DENIED.

Pauliana **TAYLOR**, et al., Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

No. 86–0071–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

July 2, 1987.

---

7. 26 U.S.C. § 411(d)(6) is the Internal Revenue Code counterpart of ERISA § 204(g), 29 U.S.C. § 1054(g). The Court's discussion regarding § 411(d)(6) will be applicable to § 204(g) as well.

8. This section was amended in 1984, but the new provisions which might have changed the result here, apply only to plan years beginning after December 31, 1984.

9. Plaintiffs filed a complaint against Kaiser before the NLRB. That body found, however, that there was insufficient evidence to support plaintiffs' claim and refused to issue a complaint.

Roger M. Driskill, Driskill & Thompson, Richmond, Mo., for plaintiffs.

Robert G. Ulrich, U.S. Atty., Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER

STEVENS, District Judge.

Defendant has moved for summary judgment in the above-styled case. The material facts are not in dispute. Defendant, through the Department of Labor (the Department), selected Minact, Inc. (Minact), a private (*i.e.* non-governmental) entity, to operate a Job Corps Center in Excelsior Springs, Missouri. Plaintiff Pauliana Taylor, an employee of Minact, worked as a nurse's aid instructor at the Excelsior Springs Job Corps Center. Plaintiff alleges that on July 13, 1984 she was struck by a government-owned bus driven by one Fritz Dean, also a Minact employee, as she was walking from a building where her mailbox was located to her classroom. Plaintiffs bring this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff Pauliana Taylor seeks recovery for physical injuries sustained when she was struck by the bus and plaintiff Carol Taylor, Ms. Taylor's husband, seeks recovery for loss of consortium.

The principal legal contentions of the parties can be succinctly stated. Plaintiffs claim that Minact had put defendant on notice of the fact that Fritz Dean had been involved in five accidents within the six-month period prior to the time the instant mishap occurred, that defendant knew or should have known that Dean was not a competent driver, and that therefore defendant was negligent in continuing to entrust its vehicles to Dean.[1] Defendant counters by asserting that the Department has made a policy decision at the national level to place the responsibility for hiring and supervising bus drivers solely in the hands of the private entities with whom it contracts to operate Job Corps centers (here, Minact). According to its policy, the Department will make government vehicles available to such contractors once the contractor has certified that its drivers are properly licensed under state law. Thus, defendant argues that the decision to entrust government buses to Minact and to place upon the contractor the responsibility for hiring and supervising competent drivers to drive those buses were discretionary acts which fall within the "discretionary function" exception to the FTCA.

In the court's view, the critical issue is whether defendant's determination to place this supervisory responsibility on Minact's shoulders is a discretionary function. If it is, then plaintiffs cannot challenge that decision or maintain an action based on the premise that the Department should not have allocated this responsibility in the manner in which it did, because 28 U.S.C. § 2680(a) deprives this court of jurisdiction over "any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." In the court's view, the Department did in fact delegate this responsibility to Minact and thus owed Pauliana Taylor no duty of care as to the competence of co-worker bus drivers.[2] Having no such duty, the Department was not obliged to monitor or evaluate the performance of those drivers. Thus, the Department can be said to have

---

1. As plaintiffs put it, "Plaintiffs' position is that the Defendant was negligent in continuing to allow an incompetent driver to operate its vehicle after four or five wrecks within a six month period prior to the time that a bus ran off the road and ran over Pauliana Taylor." Plaintiffs' Response to Defendant's Reply at 3.

2. Plaintiffs do not suggest that this responsibility is nondelegable.

been "negligent" in entrusting vehicles to Dean only if the Department was "negligent" in allocating the responsibility for driver safety to Minact in the first place. And the question whether the Department's allocation is reviewable under a negligence test depends on whether that decision is of the type encompassed by section 2680(a).

■ The Supreme Court has recently elaborated on the discretionary function exception to the FTCA. In *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), the Court decided that when a federal agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary authority of the most basic kind. *Id.* at 819, 104 S.Ct. at 2767. In that case, the discretionary function exception was found to encompass the Federal Aviation Administration's decision to place primary responsibility for aircraft manufacture and design safety upon the aircraft manufacturer and operator, the agency retaining for itself only a "spot check" method of enforcement. The lower federal courts have understood *Varig Airlines* to extend to similar safety-related agency judgments whether or not the agency exercises regulatory authority of the sort possessed by the Federal Aviation Administration in that case. *See, e.g., Begay v. United States*, 768 F.2d 1059 (9th Cir.1985); *Feyers v. United States*, 749 F.2d 1222 (6th Cir.1984), *cert. den.*, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). The court believes the Department's decision to place the responsibility for hiring safe drivers upon contractors, overseen by the Department only to the extent of its checking for proper licensure, should be afforded the same deference.

The record establishes that because the Department does not have the resources to manage Job Corps centers on a day-to-day basis, it contracts with private entities to run them. In contracting with Minact, the Department retained the right to approve the appointment and retention of the center director and other upper-eschelon manage-

ment personnel, but retained no right to hire, supervise, discipline, or discharge Minact's lower-level employees, such as its bus drivers. This is not a case where the government has failed to comply with its own established safety guidelines. *See, e.g., Aslakson v. United States*, 790 F.2d 688 (8th Cir.1986); *McMichael v. United States*, 751 F.2d 303 (8th Cir.1985). Rather, this is a case where an agency has made a policy judgment regarding the degree of confidence that might reasonably be placed in those with whom it contracts. The court believes that under the rationale of *Varig Airlines*, judicial intervention in this case would require the court to second-guess the Department's decision about how best to ensure driver safety within the economic constraints placed upon it. This kind of judicial second-guessing is what section 2680(a) was intended to prevent. *See Feyers, supra*, 749 F.2d 1222 (negligence action in which plaintiffs in essence challenge the government's decision to delegate safety responsibilities to a private entity is barred by section 2680(a)).

■ In reaching this conclusion, the court has given careful attention to plaintiffs' assertion that "Mr. Douglas and Mr. Purgason of the Department of Labor have both testified in their depositions that the Department of Labor had direct supervisory responsibility for the safety of, and for overseeing the safety of, employees at Job Corps Centers, including those employees that are not Government employees." Plaintiffs' Suggestions in Opposition at 6. First, the court notes that plaintiffs have not attached the relevant passages from these depositions to any of their pleadings. Second, and more important, the same observation could have been made of the Federal Aviation Administration in the *Varig Airlines* case: there, as here, the agency retained the power to conduct safety reviews, but placed primary responsibility elsewhere. Third, plaintiffs have adduced no evidence which would contradict defendant's affidavit testimony that Minact had responsibility for hiring and firing bus drivers and that the Department did not. Indeed, the contract entered into between Minact and the Department demonstrates

that Minact was responsible for hiring, promotion, and termination of non-senior-staff personnel (Clauses I(I)(2), 2(a), and 2(e)), and that Minact was responsible for taking steps to prevent accidents on the premises under its control (Clause I(I)(11)(c)). Further, plaintiffs have not come forward with any evidence which would suggest that, as was the case in *McMichael, supra,* 751 F.2d 303, the Department had inspectors constantly on site at the Excelsior Springs center and that these inspectors had a prescribed set of safety review procedures to perform. Only with some such indicia of supervisory control would this court be justified in finding that the Department's alleged negligence in the case was of the operational mismanagement variety and hence outside the limited protection of section 2680(a).

For the foregoing reasons, then, defendant's motion for summary judgment is granted.[3] The cause is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

---

**3.** Because the court grants defendant's motion based on section 2680(a) principles, it does not reach the other grounds raised in defendant's motion.